### LOCKRIDGE *et al.* *v.* STATE MUTUAL LIFE INSURANCE COMPANY.

FISH, C. J. The State Mutual Life Insurance Company, of Rome, Georgia, issued certificates in the following form, the names of the holders and numbers of certificates being stated therein: "Incorporated under the laws of the State of Georgia. Certificates $100 each. Certificate No.——. State Mutual Life Insurance Company, of Rome, Georgia. This certifies that ————— is the owner of ————— certificates of the State Mutual Life Insurance Company, of Rome, Ga., in consideration whereof the holder of this certificate is entitled to receive out of the expense fund of said company a dividend of not less than five per

cent. per annum, upon said amount, to be paid semi-annually on the 15th day of July and January in each year hereafter. Any greater dividend than five per cent. shall be paid only as declared by the board of directors of said company out of said fund. And all claims of the holders hereof shall be inferior to the claims of policyholders, as against the funds of said company. Upon winding up of said company, after the payment of all claims due policyholders, the holder of this certificate shall be entitled to receive his pro rata share of the assets of said company. This certificate is transferable on the books of said company, in person or by attorney, on surrender of same." Some of the holders of such certificates, in behalf of themselves and others similarly situated, brought an equitable petition against the company, alleging its insolvency; that the certificates, in legal tenor and effect, were acknowledgments of indebtedness by the company and payable on demand; and that demand for payment had been made and refused. It was agreed that there had been no failure to pay a dividend on the certificates in accordance with the contract. The prayers were for injunction and a receivership. *Held:*

1. Under a proper construction of the certificates issued by this company, the holders are only entitled to receive a "dividend" of five per cent. per annum, on the amount of each certificate, payable semi-annually (unless more should be declared by the directors), some of them not being entitled to begin receiving payment until 1915.

2. Except as to the dividend from the expense fund, the holders of certificates, under the terms of the contract, are not entitled to any payment of the amounts named in the certificates respectively, except upon winding up of the company. Upon the happening of that event, after payment of all claims due policyholders, the holders of certificates will receive a pro rata share of the assets of the company.

(a) This agreement does not affect the rights of general creditors of the company.

(b) The amounts of the certificates are not payable on demand (except as to the dividends from the expense fund), but only upon winding up and in the manner pointed out by the contract.

(c) All claims of the holder of each certificate are expressly made inferior to the claims of policyholders as against the funds of the company.

(d) The expression, "the claims of policyholders as against the funds of said company," is not limited to death claims and matured annuity claims, but includes also all claims which policyholders may be entitled to make as such, according to the terms of their policies.

(e) In ascertaining the amount which is to be provided for before holders of certificates are entitled to share on a winding up, the surrender value of policies in accordance with their terms is to be considered.

(f) This company is not a mutual aid, benefit, or industrial company within the meaning of the Civil Code, § 2510, but a mutual company, and the status of the certificates here involved was not fixed by that section, but by their own terms.

3. If the certificates be treated as ambiguous, the evidence as to the attendant circumstances tends to show that the language employed was not intended or understood as creating an absolute debt payable on demand.

4. The certificates outstanding under their terms are not to be treated as absolute debts of fixed amounts due on demand or at a future time, and reducible to present valuation, in determining whether the company is insolvent, or as furnishing a reason for winding it up.

5. Under the evidence there was no error in refusing to appoint a receiver for the assets of the company, at the instance of holders of certificates.

(a) No ruling of the presiding judge in regard to the admission of evidence was such as to require a reversal of the judgment.

*Judgment affirmed. All the Justices concur.*
JUNE 11, 1914.

Petition for injunction and receiver. Before Judge Wright. Floyd superior court. March 7, 1914.

*Little, Powell, Hooper & Goldstein, Marion Smith,* and *F. W. Copeland,* for plaintiffs.

*Maddox & Doyal* and *King & Spalding,* for defendant.