*Maddox & Doyal* and *King & Spalding,* for defendant.

---

Cherokee Life Insurance Company *v.* Davis *et al.; et vice versa.*

Atkinson, J. 1. The Cherokee Life Insurance Company began operations as an industrial life insurance company. About March 1, 1912, it qualified as a legal reserve mutual life insurance company, and made the deposit necessary for that purpose. On May 4, 1913, it became a stock company (Acts 1912, p. 126, sec. 16). While it was operating as an industrial company it issued a number of certificates, apparently claiming authority so to do under § 2510 of the Civil Code. After the change to the mutual plan, with legal reserve, in April and May, 1912, it issued other certificates of the same form as those which it had previously issued. The present petition, seeking the appointment of a receiver, was filed by purchasers of certificates after the mutual plan, with legal reserve, had been adopted, and before the change to the stock plan. There is no allegation that they were ignorant of the fact or that they were misled in regard to it. *Held,* that whether or not a receiver should be appointed to take charge of the assets of the company on the application of the plaintiffs is to be determined according to their own rights and status, and not those of others.

2. The plaintiffs having taken their certificates after the change in the plan of the business, they took subject thereto, and had no ground of complaint on account thereof.

3. The certificates held by the plaintiffs were aparently issued, not with reference to the industrial business alone, or under the Civil Code, §§ 2510 et seq., but by an insurance company which was at that time operating as a mutual insurance company on the reserve plan, and were so accepted. Accordingly they will not be deemed to be regulated by the provisions of the code above cited, but in accordance with their own terms.

4. Except as to providing that 6 per cent. "interest" per annum, payable

semi-annually from the expense fund, instead of 5 per cent. "dividend," the certificates here involved, treated as those of a mutual insurance company with legal reserve, are substantially like those involved in the case of *Lockridge* v. *State Mutual Life Insurance Co.* (decided to-day), ante, 30 (82 S. E. 131).

5. No evidence was introduced on the hearing of the application for the appointment of a receiver, but counsel for the respective parties entered into a stipulation or agreement of facts in lieu thereof. Among the terms of this stipulation were the following: "It is further agreed, if it is determined that the principal of the outstanding income or guaranty fund certificates is a liability subject to enforcement at the present time, the company is unable to meet the obligation, and that its financial and business conditions are in such situation that a case is presented for the appointment of a receiver; but that on the other hand, if such principal is not an obligation presently enforceable against said company, that the company is in such condition that the appointment of a receiver would be improper." *Held*, that on the face of the certificates owned by the plaintiffs the "principal" thereof is not made payable on demand; but "should the company discontinue business, upon the winding up of said company, after the payment of all claims due policyholders, the holders of these certificates shall be entitled to receive pro rata from the assets of said company."

(a) This record does not show facts which would authorize the court to hold that the principal amount of such certificates is an obligation "presently enforceable against the company."

(b) While it appears that since the first day of January, 1913, the current expenses of the company have greatly exceeded the amount included in the premiums for the purpose of expenses (called expense loading), and the defendant admitted that there was "no expense fund or any other source from which either interest or any other sum can lawfully be paid on said income certificates," the question of whether interest can lawfully be paid is one of law, and not concluded by the opinion of the defendant. But the plaintiffs do not seek merely to recover interest, or to cause it to be paid, or base their claim upon its payment, or charge general insolvency; but the case is made to rest upon whether the principal amount of the certificates is an obligation presently enforceable, and this court deals with it accordingly.

6. Inasmuch as it has been held that it was error to appoint a receiver at all, the terms fixed by the presiding judge, on which the appointment might be dissolved, necessarily fall with the reversal of the judgment making the appointment.

*Judgment reversed on main bill of exceptions; cross-bill of exceptions dismissed. All the Justices concur.*

JUNE 11, 1914. REHEARING DENIED JULY 25, 1914.

Receivership. Before Judge Bell. Floyd superior court. February 20, 1914.

*Barry Wright* and *King & Spalding,* for the insurance company.

*Little, Powell, Hooper & Goldstein,* for Davis et al.

*Watkins & Latimer* and *Burton Smith,* for others.