PORTER *v.* WRIGHT, insurance commissioner, *et al.*

1. The intervention before amendment was in favor of the intervenor for himself and others of the same class, and contained substantially the same allegations as were included in another petition by persons representing the same class, which was consolidated into the cause in which the intervention was filed. Its dismissal will not require a reversal, because, even if the intervenor was entitled to the relief sought, such relief could be obtained under the other pleadings.

(a) The amendment claiming personal judgments against policyholders by serving some of them was properly stricken.

2. Under the facts of the case, the plaintiff in error is not entitled to reformation of his contract with the insurance company on the ground of a mutual mistake of law.

SEPTEMBER 12, 1916.

Intervention. Before Judge Bell. Fulton superior court. August 19, 1915.

T. K. Bowles, a policyholder, for himself and other policyholders, filed a petition against the American Life and Annuity Company, a mutual assessment insurance company, for the winding up of the company's business, on the ground of insolvency. On the same day N. G. Parker and Horace Sandiford, alleging themselves to be creditors of the company by virtue of the ownership of certain income certificates, in their own behalf and in behalf of

other holders of income certificates, filed a petition against the company for the liquidation of its business through the medium of a receivership, on the ground of insolvency. Four days later W. A. Wright as insurance commissioner, through the attorney-general, filed a petition against the company, praying for the liquidation of the company under his control and direction as insurance commissioner, pursuant to the act approved August 19, 1912. These causes were consolidated. J. B. Porter, a holder of income certificates issued by the company, in behalf of himself and other holders of income certificates, filed an intervention in the cause brought by the insurance commissioner. He was made a party, subject to the right of any party to demur or except. He amended his petition so as to recover judgment against the policyholders, and on his motion an order was passed making certain policyholders, as representing different classes, parties to the suit. To the intervention of Porter, as thus amended, general and special demurrers were filed by the insurance commissioner. On motion of the insurance commissioner the court vacated the order making policyholders parties and dismissed the intervention as to them. The operation of this order was suspended to allow amendment, and Porter tendered an additional amendment, which was allowed subject to demurrer. This amendment prayed for a reformation of the contract evidenced by the income certificates, and for incidental relief. To the intervention of Porter as amended the insurance commissioner filed a general demurrer, which the court sustained; and Porter excepted.

*Burton Smith* and *W. Carroll Latimer,* for plaintiff.

*Walter McElreath, Jones & Chambers, Marion Smith,* and *Moore & Branch,* for defendants.

EVANS, P. J. (After stating the foregoing facts.)

1. The intervenor's relation to the company is that of a holder of an income certificate. The form of the certificate is as follows: "This certifies that J. B. Porter is the owner of twenty certificates, of the par value of $100 each, of the American Life & Annuity Company, in consideration whereof the holder of this certificate is guaranteed to receive, out of the expense fund of said company, a dividend of not less than eight per cent. per annum upon said amount, to be paid semi-annually on the 15th day of July and January in each year hereafter. Any greater dividend than eight

per cent. shall be paid as declared by the Board of Directors of said company out of said fund. All claims of the holder hereof shall be inferior to the claims of policyholders as against funds of said company; and after the payment of all claims due policyholders, the holder of this certificate shall be entitled to receive his pro-rata share of the assets of said company." His original intervention was predicated on the basis that he was a creditor by reason of the ownership of the income certificates, and contained substantially the same allegations and prayed the same relief as that contained in the petition of Parker et al., filed in behalf of other certificate-holders; and there was no necessity for two pleadings setting up the same cause of action. Furthermore, the intervenor was not a creditor by virtue of his contract with the company as expressed in his certificate. *Lockridge* v. *State Mutual Life Insurance Co.,* 142 *Ga.* 30, 32 (82 S. E. 131). The amendment seeking personal liability against policyholders, by making some of them parties, was clearly without merit.

2. The amendment most earnestly argued in the brief sets up the intervenor's contention of his right to a reformation of the contract evidenced by the income certificate, on the ground of mutual mistake of law as to the legal effect of the instrument. Intervenor alleges that he and the company thought that the legal effect of the income certificate was a contract creating a debt in his favor superior to any claim against the company except expenses of operation and claims for death losses of policyholders, and that the contract should be so reformed as to reflect the real intention of the parties. The contract in terms subordinates the rights of the holder of an income certificate to those of policyholders. It would do violence to plain and unambiguous words of the contract to restrict the superiority of the rights of policyholders to death claims. *Lockridge* v. *State Mutual Life Ins. Co.,* supra. In many jurisdictions no distinction is recognized between a contract made under mistake of law and one made in ignorance of law, and a mistake as to the legal effect of an instrument which conforms to the agreement of the parties is not relievable in equity. It has been held by this court that where money has been paid under a mistake of law, it is recoverable in cases where the other party can not in good conscience retain the money. "The rationale of the rule allowing a recovery of money paid with knowledge of the facts and

under a mistake of law is that the plaintiff is not attempting to throw a loss on any one. If the plaintiff's recovery would lead to a loss on the part of the defendant, then, the parties being equally innocent, that fact of itself is sufficient reason for denying the right of recovery on the plaintiff's part." *Whitehurst* v. *Mason, 140 Ga.* 148, 154 (78 S. E. 938). In *Dolvin* v. *American Harrow Co.,* 125 *Ga.* 699 (3), 704 (54 S. E. 706, 28 L. R. A. (N. S.) 785), it was held that "an honest mistake of law, as to the effect of an instrument, on the part of both contracting parties, when such mistake operates as a gross injustice to one and gives an unconscionable advantage to the other, may be relieved in equity, or under equitable pleadings, in a proper case." But we do not think this is a proper case for the reformation of a contract on the ground of mutual mistake of law. The insurance company was a mutual one. The holders of the policy contracts are entitled both by contract and by law, as against holders of income certificates, to their unearned premiums and to the reserves on their policies which represent money paid in by them. The policyholders are not parties to the contract of the holders of the income certificates. If the holders of income certificates were permitted to reform their contract with the insolvent insurance company, it would be at the loss of policyholders, and would take from them a fund produced by the payment of premiums by them and apply it to the extinguishment of the income certificates. Such a course would be inequitable. *Judgment affirmed. By five Justices, all concurring.*