## SWIFT & CO. v. STATE MUT. LIFE INS. CO. et al.

(District Court, N. D. Georgia. December 5, 1924.)

No. 24.

Acknowledgment ⟨⟩20(1)—Official attestation of security deed by notary, who is policy holder of grantee insurance company, held not void as against junior judgment creditor.

Official attestation to acknowledgment of security deed, properly recorded by notary, who was policy holder and certificate holder of mutual insurance company, grantee, *held* not invalid against junior judgment creditor of grantor, under Georgia law; notary's interest in assets of company being conditional, uncertain, and ambulatory.

In Equity. Action by Swift & Co. against the State Mutual Life Insurance Company and others. Decree rendered.

Tye, Peeples & Tye, of Atlanta, Ga., and Paul F. Akin, of Cartersville, Ga., for plaintiff.

Maddox, Matthews & Owens, of Rome, Ga., for defendants.

SIBLEY, District Judge. The security deed here involved was attested by a policy holder of the grantee, a mutual insurance company, and recorded on the attestation. A junior judgment creditor of the grantor claims a better lien on the property conveyed because the record was unavailing, in that the official witness was disqualified by being a member of the corporation benefited by the deed. The attesting notary was a lawyer, represented the borrower in procuring the loan to secure which the deed was made, and was active in conducting the execution and record of the deed, being trusted by both parties to see that it was correctly done. The loan was made bona fide on the faith of the recorded deed, no one thinking of the notary's connection with the company. His policy was a participating one, with a minimum dividend guaranteed. It had also guaranteed loan and cash surrender values, which were approximately offset by loans made him by the company. The company's charter originally provided that on liquidation the surplus of assets over liabilities should belong to the *then* policy holders, the insurance being on the assessment plan. Afterwards the charter was amended, so that the insurance was carried on the mutual plan with fixed premiums. Yet later, but before the policy in question was taken out, the company issued about $1,000,000 of so-called "income certificates," set forth and construed in Lockridge v. State Mutual Ins. Co., 142 Ga. 30, 82 S. E. 131, whereby the net assets on liquidation were to be divided among the holders of these certificates pro rata. The company, when the loan was made, was and still is in the hands of the state insurance commissioner by reason of embarrassments, but is still a going concern and has not been adjudged insolvent.

The Georgia law touching the record of security deeds and the Georgia decisions touching the disqualification of officers to attest are discussed in Central Union Trust Co. v. Appalachian Corporation (D. C.) 300 F. 397. It will be there seen that it is established in Georgia that a record on the official attestation of a stockholder in a grantee corporation is invalid. It is here contended that the policy holder is in effect a stockholder in this insurance company. By virtue of the promises in his policy and his right to borrow on or surrender it for cash, or make his estate the beneficiary, he is a sort of creditor of the company. But in the absence of adjudged insolvency a creditor's interest in his debtor would not disqualify him to sit as a juror where the debtor was a party, and certainly would not disqualify an officer to attest papers. The question comes rather on his interest in the company as a member of it through his policy, whereby he may share in its dividends and profits or on distribution in its assets. It is shown here that the company has never declared a dividend equal to that guaranteed this policy holder in his policy, and has no prospect of doing so, so that his interest as a dividend drawer seems swallowed up in his right as creditor. His chance to share in a surplus of assets depends on a dissolution occurring while he is still a policy holder, and on an effect being given the income certificates, whereby they shall not be entitled to the entire surplus assets. This renders the policy holder's interest in the assets so conditional, uncertain, and ambulatory as that in my opinion it should not defeat his official act honestly performed.

The public policy which is claimed to require the disqualification is based on the supposed temptation of the officer to commit frauds for his corporation. In this case the doctrine would result in permitting the agent and attorney of the grantor to commit a fraud on the grantee by tendering an apparently good recorded paper for credit which was really worthless as against subsequent liens. Since the record of such a paper shows no defect on its face, and actually is as efficient to give information to all searchers of the records as though the officer were disinterested, there does not

seem to be a very solid foundation for denying it effect as constructive notice, where no fraud is in fact claimed in its concoction. Certainly the doctrine of secret disqualification ought not to be extended beyond the case of the ordinary·stockholder, whose interest is direct, certain, and realizable to him by sale of his stock, independently of the dissolution of his corporation.

A decree may be taken, upholding the validity of the security deed as against the judgment creditor.